IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-868-BO

| | |
|---|---|
| BENNIE EVANS,<br>    Plaintiff,<br><br>v.<br><br>KENNETH RICH, M.D.,<br>CAPITAL NEUROSURGERY, and<br>ANULEX TECHNOLOGIES, INC.,<br>    Defendants. | **ORDER** |

This cause comes before the Court on defendants Rich and Capital Neurosurgery's motions to dismiss and plaintiff's motion to remand. For the reasons discussed below, the Court declines to remand this matter and dismisses the amended complaint as to the moving defendants.

## BACKGROUND

Plaintiff filed this action in Wilson County Superior Court alleging claims of negligent misrepresentation, fraud, unfair and deceptive trade practices, and breach of the implied warranty of merchantability arising out of back surgery performed on plaintiff by defendant Rich. Plaintiff alleges that Dr. Rich used an "X-Close" suture device, manufactured by Anulex, while performing a microdiscectomy with annular repair on plaintiff on November 15, 2010. Plaintiff further alleges that Annulex, which had obtained approval from the FDA for use of X-close sutures in soft tissue repair, had not obtained approval from the FDA to use the X-close device in annular repairs and that Dr. Rich did not obtain permission from plaintiff to participate in the investigation of the use of the X-close device in his annular repair.

Anulex removed plaintiff's action to this Court on December 20, 2013, pursuant to the Court's federal question jurisdiction. 28 U.S.C. §§ 1441; 1331. At the time of Anulex's removal, service had not been effected on defendants Rich or Capital Neurosurgery. 28 U.S.C. § 1446(b)(2). By order entered June 5, 2014, the Court allowed plaintiff to amend his complaint and allowed defendant Annulex's motion to dismiss. Defendants Rich and Capital Neurosurgery have moved to dismiss the complaint and amended complaint under Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to effect proper service. Plaintiff concedes that he has failed to effect proper service on these defendants. [DE 41]. Plaintiff argues, however, that the Court lacks subject matter jurisdiction over his state law claims and the matter should be remanded and not dismissed.

## DISCUSSION

Anulex removed this action under the substantial federal question doctrine, which provides for federal question jurisdiction where, although no federal cause of action is asserted on the face of the complaint, a state law claim is alleged which necessarily raises a federal issue that is actually disputed, substantial, and is capable of resolution without disrupting the balance between the state and federal courts as approved by Congress. *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). Here, plaintiff through his original and amended complaint alleged that Anulex conspired with physicians to use X-close sutures in annular repairs where patients had excellent prognoses for recovery in order to "stockpile" positive outcome cases so that it might gain FDA approval for use of X-close devices in annular repairs. Thus, plaintiff sought to hold Anulex liable for off-label promotion of its X-close suture device, a claim which exists solely by virtue of the requirements of the federal Food, Drug, and Cosmetics Act.

Removal of this action by Anulex was therefore proper as the complaint included a claim arising under federal law. The Court then maintained supplemental jurisdiction over the remaining state law claims as they form part of the same case or controversy. 28 U.S.C. section 1367(a). Upon dismissal of plaintiff's claim against Anulex, the Court's basis for its federal jurisdiction "drop[ped] away," but the Court retained discretion to retain jurisdiction over the state law claims. *Shanaghan v. Cahill*, 58 F.3d 106, 109-10 (4th Cir. 1995); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1998). In determining whether to retain jurisdiction over plaintiff's state law claims, the Court considers factors including convenience and fairness to the parties, comity, and judicial economy. *Shanaghan*, 58 F.3d at 110.

Defendants Rich and Capital Neurosurgery have demonstrated and plaintiff agrees that plaintiff has failed to effect proper service of either the original complaint[1] or the amended complaint on either remaining defendant. The amended complaint was deemed filed on June 5, 2014, and plaintiff has failed to show that the requirements of Rule 4 of the Federal or North Carolina Rules of Civil Procedure have been satisfied since that time. Therefore, in the interest of judicial economy and in fairness to defendants who have not been properly served in this or the state forum, the Court exercises its discretion to retain jurisdiction over plaintiff's state law claims. In the absence of proper service on defendants Rich and Capital Neurosurgery, the Court lacks personal jurisdiction over them. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Plaintiff's claims against these defendants are therefore dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 41] is DENIED. Defendants' motion to dismiss the original complaint [DE 26] is DENIED AS MOOT and

---

[1] Because the Court has allowed plaintiff to file an amended complaint, the original complaint has been superseded and serves no function. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

3

defendants' motion to dismiss the amended complaint pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure [DE 37] is GRANTED. Because the Court lacks personal jurisdiction over them, defendants' motion to dismiss for failure to state a claim [DE 39] is DENIED AS MOOT.

As each defendant in this action has been dismissed, the clerk is DIRECTED to enter judgment and to close the file.

SO ORDERED, this ___9___ day of January, 2015.

                                                                          TERRENCE W. BOYLE
                                                                          UNITED STATES DISTRICT JUDGE